**Thomas Allen GORDON, Plaintiff—Appellant,**

v.

**Joe BARNETT; et al., Defendants—Appellees.**

**No. 08–35313.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Thomas Allen Gordon, Walla Walla, WA, pro se.

Dennis M. Hunter, Esquire, Vancouver, WA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Thomas Allen Gordon, a former pretrial detainee at the Clark County Jail, appeals pro se from the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that his placement on the Nutraloaf diet violated his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment. *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir.1996).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Gordon's claim that his placement on Nutraloaf violated the prohibition against cruel and unusual punishment. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993) (stating that the Eighth Amendment requires only that prisoners receive food that is adequate to maintain health, not food that is tasty or aesthetically pleasing); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998) (holding that, because pretrial detainees' Fourteenth Amendment rights are comparable to prisoners' Eighth Amendment rights, the same standards apply).

However, Gordon also claimed that he was placed on Nutraloaf without a hearing and that defendants were therefore prohibited from punishing him. The Fourteenth Amendment's Due Process Clause prohibits a jail from "punishing" a pretrial detainee without a due process hearing. *Mitchell*, 75 F.3d at 524. There is no dispute that Gordon was placed on the Nutraloaf diet as punishment for his disciplinary infractions; as such, he was entitled to a due process hearing. *See id.* Contrary to defendants' assertions, there is dispute concerning whether Gordon was afforded a hearing—the portions of the record to which they cite do not demonstrate that there was a due process hearing, and Gordon's verified complaint alleges that he received no hearing. *See Moran v. Selig*, 447 F.3d 748, 759 n. 16 (9th Cir.2006) (noting that a verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and sets forth the requisite facts with specificity).

We remand for further proceedings on Gordon's due process claim consistent with this disposition.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**